UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEVAN C.R. LAMPE,

    Petitioner,

    v.                              CAUSE NO. 3:22-CV-451-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Devan C.R. Lampe, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-12-105) at the Miami Correctional Facility in which a disciplinary hearing officer found him guilty of destruction of property in violation of Indiana Department of Correction Offense 215 and sanctioned him with loss of ninety days earned credit time and a demotion in credit class. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Lampe argues that he is entitled to habeas relief because the administrative record didn't include a video recording that showed correctional staff removing the damaged items from his cell. He further maintains that the damaged electronic tablet wasn't assigned to him.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the

> findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

Departmental policy defines Offense 215 as:

Unauthorized possession, destruction, alteration, damage to, or theft of property, State property, or property belong to another person.[1]

The administrative record includes a conduct report in which a correctional officer conducted a random cell search and found pieces of a damaged intercom and pieces of a damaged electronic tablet in the common area of Mr. Lampe's cell, which he shared with one other inmate. ECF 1-1 at 11. The administrative record includes photos of these damaged pieces. Id. at 8-9. It also includes a screening report in which Mr. Lampe requested the surveillance video recording to show that he left the cell before the cell search; he didn't also request video evidence to show correctional staff removing the damaged items from his cell. Id. at 9. According to the video recording summary, the video recording indicated that Mr. Lampe left the cell at 8:49 a.m. and that correctional staff were in the cell from 9:18 a.m. to 9:26 a.m. Id. at 15. The conduct report, the photographs, and the video recording summary show that the

---

[1] This policy is available at https://www.in.gov/idoc/files/ADP-Attachment-I-Offenses-3-1-2020.pdf.

damaged items were in Mr. Lampe's cell and so constitute some evidence that Mr. Lampe committed destruction of property. Further, it's unclear how the assignment of the damaged tablet to another inmate or the absence of video evidence showing correctional staff removing the damaged items from his cell undermine the finding of guilt. Therefore, this claim is not a basis for habeas relief.

Mr. Lampe argues that he is entitled to habeas relief because correctional staff failed to follow departmental policy by failing to perform and document a cell inspection before allowing Mr. Lampe to move into his cell. A failure to follow departmental policy alone doesn't amount to a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim isn't a basis for habeas relief, either.

Mr. Lampe doesn't need a certificate of appealability to appeal this decision, because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). He can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Devan C.R. Lampe leave to appeal in forma pauperis.

3

SO ORDERED on June 21, 2022

                                                s/ Robert L. Miller, Jr.  
                                                JUDGE  
                                                UNITED STATES DISTRICT COURT